THOMAS MOOTRY ET AL., Appellants, *v.* JAMES H. HAWLEY ET AL., Respondents.

EVIDENCE—CONFLICT—NEW TRIAL.—The appellate court will not disturb a judgment or verdict, or order denying a new trial, where there is a substantial conflict in the testimony, and no rule of law appears to have been violated.

APPEAL from the district court of the second judicial district, Boise county.

*Geo. Ainslie and Prickett & Hasbrouck*, for the appellants.

*Huston & Gray*, for the respondents.

Noggle, C. J.

In this case the plaintiffs claim a certain gold mine known as a quartz lead, or lode, named the Lone Star lode, near the Gold hill quartz lode, in Boise county, Idaho territory, and the said plaintiffs have brought their ejectment suit, claiming the said lode, and to recover possession of the same from the defendants.

The defendants appeared on the thirty-first day of August, 1872, and answering, denied, upon information and belief, that plaintiffs and their grantors are now, or have been, for more than eight years last past, the owners of, or in the quiet, peaceable, and exclusive and undisturbed possession of that certain quartz lode or ledge, containing precious metals of gold and silver, known as the Lone Star ledge or lode, lying and being situated in Granite mining district, Boise county, Idaho territory, and more particularly described in plaintiffs' complaint, to which reference is here made. The defendants also, upon information and belief, deny that the so-called Lone Star ledge is worth the sum of fifty thousand dollars, or any sum whatever; they also deny that there is a large amount of gold-bearing quartz in said Lone Star ledge, or any amount whatever, and they deny that said Lone Star ledge contains any gold whatever. The defendants also deny that they have at any time or in any manner whatever, entered upon or taken possession of the said Lone Star lode, and ousted the plaintiffs therefrom; they also deny that they did, on the eighteenth day of June, 1872, or at any other time, enter upon, or in any manner take possession of said Lone Star lode, for the purpose of working thereon, or that they, in any manner, retain the possession of the same, from the said plaintiffs, for any purpose whatever. In short, the defendants deny every material allegation in said complaint, and in their answer the said defendants claim that the said plaintiffs had abandoned the same for more than one year, and that the plaintiffs, if they ever had owned, or were in the possession of any such

ledge, they have long since forfeited all right thereto; and in conclusion the defendants aver, that the plaintiffs abandoned said Lone Star ledge more than three years prior to the commencement of this suit, and pray judgment for their costs, etc.; which answer is fully verified by Hawley, one of the defendants, and thus the issue was formed.

On the stand, as a witness, James H. Hawley claimed that, in the year 1869, he discovered a ledge crossing the West creek ditch, and, that in company with the other defendants, or their grantors, he located said ledge, in accordance with the quartz laws then in force, calling it the Iowa ledge, and that he caused it to be so recorded, staking it out and placing the necessary notice thereon, and doing thereon more than the required amount of labor in that and the next year; he also says that he again commenced work in 1871, on the Iowa ledge.

Thomas Mootry, one of the plaintiffs sworn on the part of the plaintiffs, testified that he knew the Lone Star, that he and others discovered that ledge on the twelfth of October, 1863, that he and the other defendants or their grantors, the discoverers, claimed fourteen hundred feet, being two hundred feet each, by location, and one claim by right of discovery, that they put up the notices and caused a due record of the same to be made in April, 1864, and otherwise contradicted the most of said Hawley's testimony. On the trial of said cause, both parties desired the jury to go and view the premises; after the jury did so, each party called about an equal number of witnesses to sustain his part of the case. On the trial all objections to evidence and questions of law were promptly decided in favor of plaintiffs, and both parties gave much evidence to sustain their views of the case, so that when said case closed, not a single exception had been taken therein, and so far as I know, or the record shows, not a single objection had been made on the part of the plaintiffs, so that we can not find a single question in the case which should reverse the judgment in this case.

For these reasons the judgment is affirmed.

WHITSON and HOLLISTER, JJ.   We concur.