(January 2, 1914.)

## ANDY J. DOUVILLE, Respondent, v. PACIFIC COAST CASUALTY COMPANY, a Corporation, Appellant.

[138 Pac. 506.]

ACCIDENT INSURANCE—NOTICE OF ACCIDENT—LOCAL AGENT—WAIVER OF NOTICE.

    1.  In an action on an accident policy, *held,* that the whole course of dealing by the defendant company shows that it recognizes a local agent as an agent in receiving oral notice and proof of the accident, and so acted upon such information as to waive a strict compliance with the giving of written notice of such accident.

    2.  Even though the complaint does not allege a waiver of proof of notice, where facts constituting the waiver are introduced by the defendant itself, without objection, the defendant will not be permitted to say that since there was no waiver plead that such evidence ought not to be considered.

    3.  Failure to object to evidence at the time it is offered is a waiver of the objection that it is not admissible under the pleadings, unless a motion is made during the trial to strike out such evidence.

    4.  A provision in a contract of insurance to the effect that no action at law or suit in equity shall be commenced before three

months nor after six months from the date on which affirmative proof of accident must be furnished to the company is repugnant to the provisions of sec. 3321, Rev. Codes, which provides that every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings and the ordinary tribunals, or which limits the time in which he may enforce his rights, is void.

APPEAL from the District Court of the First Judicial District in and for Shoshone County. Hon. Wm. W. Woods, Judge.

Action to recover on an accident policy. Judgment for the plaintiff. *Affirmed.*

James A. Wayne, for Appellant.

The requirement in policies, such as the one in this case, that notice and proof of loss must be given within a fixed time, is a condition precedent to the right of the insured to recover, and must be strictly complied with to enable the insured to recover. (*Riddlesbarger v. Hartford Ins. Co.,* 7 Wall. (U. S.) 386, 19 L. ed. 257; *Underwood Veneer Co. v. London Guarantee & Accident Co.,* 100 Wis. 378, 75 N. W. 996; *London Guarantee & Accident Co. v. Siwy,* 35 Ind. App. 340, 66 N. E. 481; *Deer Trail Consol. Min. Co. v. Maryland Casualty Co.,* 36 Wash. 46, 78 Pac. 135, 67 L. R. A. 275; *Johnson v. Maryland Casualty Co.,* 73 N. H. 259, 111 Am. St. 609, 60 Atl. 1009; *Woodall v. Fidelity & Casualty Co.,* 131 Ga. 517, 62 S. E. 808; *Downs v. German Alliance Ins. Co.,* 6 Penne. (Del.) 166, 7 Atl. 146; *United Benev. Soc. v. Freeman,* 111 Ga. 355, 36 S. E. 764; *Travelers' Ins. Co. v. Myers,* 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760; *Whalen v. Equitable Accident Co.,* 99 Me. 231, 58 Atl. 1057; *Williams v. United States Casualty Co.,* 150 N. C. 597, 64 S. E. 510; *Rooney v. Maryland Casualty Co.,* 184 Mass. 26, 67 N. E. 882; *Fidelity & Casualty Co. of New York v. Sanders,* 32 Ind. App. 448, 70 N. E. 167; *Boruszweski v. Middlesex Mut. Assur. Co.,* 186 Mass. 589, 72 N. E. 250; *Caldwell v. Virginia Fire & Marine Ins. Co.,* 124 Tenn. 593, 139 S. W. 698.)

When the insured fails to give the notice required under such a policy, it is highly immaterial whether or not the insurer knew of the accident. (*Continental Ins. Co. v. Parkes,* 142 Ala. 650, 39 So. 204.)

Nor was the notice to Badger, the soliciting agent, a sufficient or any compliance with the terms of the policy. He was only a soliciting agent, having, so far as the proof shows, no authority other than the authority to solicit insurance, and the oral notification given by plaintiff to him was not the notice to the company required by the policy. (*Arkansas Mut. Fire Ins. Co. v. Clark,* 84 Ark. 224, 105 S. W. 257; *Ermentrout v. Girard Fire & Marine Ins. Co.,* 63 Minn. 305, 56 Am. St. 485, 65 N. W. 635, 30 L. R. A. 346; *Westchester Fire Ins. Co. v. Coverdale,* 9 Kan. App. 651, 58 Pac. 1029; *Downs v. German Alliance Ins. Co.,* 6 Penne. (Del.) 166, 67 Atl. 146.)

Where a waiver is depended upon it should be pleaded in the complaint and proven by such evidence as does not leave the matter doubtful or uncertain. (*Aronson v. Frankfort Accident & Plate Glass Ins. Co.,* 9 Cal. App. 473, 99 Pac. 537.)

Featherstone & Fox, for Respondent.

There is a waiver on the part of the appellant of compliance with that portion of the policy requiring notice within ten days of the happening of the accident. It is admitted by the appellant that notice was furnished at a time subsequent. This proof so furnished was retained by the respondent without any objection that it came too late, but on the contrary, it demanded further and additional proofs. (*Standard Life & Accident Ins. Co. v. Davis,* 59 Kan. 521, 53 Pac. 856; *Wildey Casualty Co. v. Sheppard,* 61 Kan. 351, 59 Pac. 651, 47 L. R. A. 650; *Hohn v. Interstate Casualty Co.,* 115 Mich. 79, 72 N. W. 1105; *Moore v. Wildey Casualty Co.,* 176 Mass. 418, 57 N. E. 673.)

The appellant required the respondent to furnish additional report of his physician subsequent to the time that this notice was given. This requirement on the part of the appellant

is inconsistent with its claim that notice was not given as required by the policy. (*Sheanon v. Pacific Mutual Life Ins. Co.*, 83 Wis. 507, 53 N. W. 878; *Trippe v. Provident Fund Soc.*, 140 N. Y. 23, 37 Am. St. 529, 35 N. E. 316, 22 L. R. A. 432.)

It is further contended by the respondent that Badger, the agent of the company, received the proofs two days after the accident. He was treated as the agent by the appellant and as having authority to receive such proofs. Such action on the part of the company constitutes a waiver. (*Travelers' Ins. Co. of Hartford, Conn., v. Edwards*, 122 U. S. 457, 7 Sup. Ct. 1249, 30 L. ed. 1178.)

The appellant never denied liability upon the ground that it had not received the notice required by the policy, but, if anything, denied liability upon the ground that proper proof, as to the condition of the respondent, was not furnished it from time to time. Such denial of liability upon other ground constitutes a waiver. (*Lampkin v. Travelers' Ins. Co.*, 11 Colo. App. 249, 52 Pac. 1040; *Phillips v. United States Benefit Soc.*, 120 Mich. 142, 79 N. W. 1; *Metropolitan Accident Assn. v. Froiland*, 161 Ill. 30, 52 Am. St. 359, 43 N. E. 766.)

The failure to object to evidence at the time it is offered is a waiver of the objection that it is not admissible under the pleadings. (*McCarthy v. Phelan*, 132 Cal. 404, 64 Pac. 570; *Stockton Com. Harvester etc. Works v. Glens Falls Ins. Co.*, 121 Cal. 167, 53 Pac. 565; *Lawlor v. Kemper*, 20 Mont. 13, 49 Pac. 398.)

If the evidence offered is not objected to, the party presenting it is entitled to the benefit of any cause of action or defense established thereby. (*Moore v. Campbell*, 72 Cal. 251, 13 Pac. 689.)

In view of the fact that the evidence of the waiver was adduced by the appellant, an amendment of the pleadings to conform to the proof is waived. (*Feidler v. Motz*, 42 Kan. 519, 22 Pac. 561; *Bruce v. Foley*, 18 Wash. 96, 50 Pac. 935.)

The motion for a nonsuit upon ground of diversity between pleadings and proof is not well taken and comes too late, especially so as no suggestion of surprise was made in said

motion.    (*Guley v. Northwestern Coal & Transp. Co.*, 7 Wash. 491, 35 Pac. 372.)

A party cannot object to the irrelevancy of evidence which he himself causes to be introduced. (*Romano v. Irsch*, 4 Misc. Rep. 621, 23 N. Y. Supp. 967; affirmed 7 Misc. Rep. 147, 27 N. Y. Supp. 246.)

The objection must be taken to the evidence when offered, and a motion made after the proofs were in to strike out certain evidence on the ground of variance comes too late and is properly overruled. (*Chicago v. Bork*, 227 Ill. 60, 81 N. E. 27.)

Such an action as this one may be instituted at the end of each month. (*Kentucky Life etc. Ins. Co. v. Franklin*, 102 Ky. 512, 43 S. W. 709.)

SULLIVAN, J.—This action was brought to recover on a contract of insurance against accident. It appears that the plaintiff fell from the roof of a building upon which he was at work and was so badly injured that he was prevented from laboring for more than nine months. It is not questioned but that the injuries suffered by the respondent were of such a nature as would entitle him to recover had he complied with the terms of his contract, but the action was defended solely upon the ground that the plaintiff had failed to comply with the requirements of the policy.

The case was tried by the court without a jury and judgment was rendered in favor of the plaintiff for the sum of $270, or at the rate of $30 per month for nine months, as provided by the policy. The appeal is from the judgment.

The only error specified is that the court erred in overruling defendant's motion for a nonsuit, which was interposed at the close of plaintiff's testimony, and the defendant offered no evidence whatever.

It is contended by counsel for appellant that under the contract of insurance it was obligatory upon the plaintiff to give written notice of his injuries, which he failed to do; and it is contended by counsel for respondent that appellant waived notice of the injury by its subsequent conduct in the

following particulars, to wit: (1) It received and retained the proofs furnished by the plaintiff without objection; (2). It demanded further information and additional proofs; (3) It required the insured, after the accident and notice thereof, to have respondent's physician make further reports; (4) It never questioned its liability upon the ground that notice was not given as required by the contract of insurance, but attempted to question its liability upon the ground that the physician of the respondent had failed to make the reports required by the provisions of the insurance contract.

The proof of injury was not furnished within the ten days required by the insurance contract, but it is shown that the notice was furnished at a time subsequent and that the insurance company had full notice of the injury; that such proof of injury so furnished was retained by the appellant without objection that it came too late, but appellant demanded further and additional proofs.

We think that this action of the company constituted a waiver, as the company had full notice of the injury and of the condition of the plaintiff for a number of months while he was under the care of a physician because of such injury. (*Standard Life & Accident Ins. Co. v. Davis,* 59 Kan. 521, 53 Pac. 856; *Wildey Casualty Co. v. Sheppard,* 61 Kan. 351, 59 Pac. 651, 47 L. R. A. 650; *Hohn v. Inter-State Casualty Co. of N. Y.,* 115 Mich. 79, 72 N. W. 1105; *Moore v. Wildey Casualty Co.,* 176 Mass. 418, 57 N. E. 673.)

It appears that the physician's report was not satisfactory to the appellant and it asked him to furnish an additional report, which he did. This requirement on the part of the appellant seems inconsistent with the claim that notice was not given as required by the policy. If the appellant was going to stand on the ground that the notice had not been given as required by the insurance contract, it certainly would not have asked for an additional report from the physician. We think by its action herein it waived any defense it may have had because of the failure to give notice of the injury within the time required by the policy. (*Sheanon v. Pacific Mut. Life Ins. Co.,* 83 Wis. 507, 53 N. W. 878; *Trippe*

*v. Provident Fund Soc.,* 140 N. Y. 23, 37 Am. St. 529, 35 N. E. 316, 22 L. R. A. 432.)

It appears from the evidence that the agent of the company had received the proofs of the accident two days after the accident, and that he was treated as the agent of appellant, having authority to receive such proofs, and that thereupon the company investigated the matter by seeking advice in reference to the case both from respondent's physician and from respondent himself, as well as from appellant's agent, Badger.

It was held in *Travelers' Ins. Co. of Hartford v. Edwards,* 122 U. S. 457, 7 Sup. Ct. 1249, 30 L. ed. 1178, that such acts constituted a waiver by an insurance company.

It appears that the appellant denied liability upon the ground that proper proof as to the condition of the respondent by his physician was not furnished from time to time, and not upon the ground that it had not received notice of the accident within the time required by the policy. We think this constituted a waiver.

In *Lampkin v. Travelers' Ins. Co.,* 11 Colo. App. 249, 52 Pac. 1040, it is held that proof of loss is waived by refusal to pay accident insurance on the ground that there was misrepresentation in obtaining the policy. Counsel for appellant, however, contends that the waiver of proof of loss is not in issue in this case, and cites *Aronson v. Frankfort Accident & Plate Glass Ins. Co.,* 9 Cal. App. 473, 99 Pac. 537. In that case the objection was made by counsel for the company to evidence adduced on the trial on behalf of the insured tending to show a waiver whereas he had pleaded compliance with the policy.

The case at bar presents an entirely different proposition. The proof of waiver was introduced by the appellant itself, when, on cross-examination of respondent's witnesses, the appellant introduced numerous letters showing the waiver by the company. The appellant, having introduced this evidence, is not in a position to claim that the proof of the waiver of notice was improperly admitted, it having introduced such evidence on its behalf, and it certainly will not be heard to

say that there was no waiver when its own evidence shows that there was.  An amended complaint could have been made to show such waiver, but it became unnecessary to amend the pleadings when the proof introduced by the appellant obviated that necessity.  It is one of the plain rules of pleading and procedure that the failure to object to evidence at the time it is offered is a waiver of the objection that it is not admissible under the pleadings.  (*McCarthy v. Phelan,* 132 Cal. 404, 64 Pac. 570; *Stockton Combined Harvester etc. Works v. Glens Falls Ins. Co.,* 121 Cal. 167, 53 Pac. 565; *Lawlor v. Kemper,* 20 Mont. 13, 49 Pac. 398.)

It was held in *Moore v. Campbell,* 72 Cal. 251, 13 Pac. 689, that if the evidence offered is not objected to, the party presenting it is entitled to the benefit of any cause of action or defense established thereby.  The court said: "The answer might have been, and perhaps should have been, amended at the trial, but as the case was tried upon it without objection as to its sufficiency, and the findings and decision were justified by the evidence, the order refusing a new trial should now, we think, be affirmed." (*Feidler v. Motz,* 42 Kan. 519, 22 Pac. 561.)

In *Guley v. Northwestern Coal & Transp. Co.,* 7 Wash. 491, 35 Pac. 372, it was held that where evidence is received without objection that it is not admissible under the pleadings, and no motion to strike out or suggestion of surprise is made, a nonsuit is properly refused, and that a party cannot object to the irrelevancy of evidence which he himself introduced.

Counsel for appellant contends that suit could not be instituted under the provisions of the contract of insurance until the assured had recovered from total disability.  In case of total disability, under the provisions of the policy, the insured was entitled to $30 per month, and we think under the provisions of said policy that amount became due at the end of each month and might be recovered.

In *Kentucky Life etc. Ins. Co. v. Franklin,* 102 Ky. 512, 43 S. W. 709, it was held under a policy providing for the payment of weekly indemnity, not exceeding a specified sum, for loss of time, or for payment of money value of insured's time

for a period during which he is continuously and totally disabled, not, however, to exceed a certain number of weeks from the time of the accident, the insured was entitled to a weekly indemnity and need not wait until his disability had ceased or until the end of the period limiting the time for which indemnity could be recovered, before bringing his action for loss of time.

It is provided by subd. N of the contract of insurance that no action at law or in equity shall be commenced before three months nor after six months from the date on which this paragraph provides that affirmative proof must be furnished to the company. This is a clear violation of sec. 3321, Rev. Codes, which provides that every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time in which he may enforce his rights, is void. It would seem under the provisions of that section that the plaintiff was not bound by the limitations in said contract. (See *Huber v. St. Joseph's Hospital,* 11 Ida. 631, 83 Pac. 768.)

The appellant does not attempt to show that it has suffered any injury because of any technical failure of the respondent strictly to comply with the letter of said insurance contract. It is conceded that the respondent was accidentally hurt and totally disabled by reason thereof for at least nine months. The agent of the company knew that the respondent had suffered such accident and the company was fully advised in regard to the matter by its agent as well as by the physician of the respondent.

Under all of the facts of the case, we think the appellant is liable. The judgment must therefore be affirmed, with costs in favor of respondent.

Ailshie, C. J., and Stewart, J., concur.

Petition for rehearing denied.