# CHARLESTON.

GABBERT V. WILLIAM SEYMOUR EDWARDS OIL CO.

Submitted September 7, 1915. Decided October 5, 1916.

CONTRACTS—*Construction—Written and Printed Parts—Irreconcilable Conflict.*

In the interpretation of a contract partly printed and partly written or typewriten, as in the use of a printed form, the writing will not be given greater weight than the printing if the one is consistent and reconcilable with the other. It is only where there is irreconcilable repugnance and conflict between the written and the printed portions that the former will prevail over the latter. Both must be given force where they can consistenly stand together.

Error to Circuit Court, Kanawha County.

Action by Charles Gabbert and others against the William

Seymour Edwards Oil Company. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*Littlepage, Matheny & Littlepage,* for plaintiffs in error.

*Payne, Minor & Bouchelle,* for defendant in error.

ROBINSON, PRESIDENT:

The plaintiff in this action in assumpsit seeks to recover the sum of five hundred dollars which he claims is due him under the stipulations of an oil and gas lease. Recovery was denied him by the judgment of the circuit court.

The lease is the usual one, except that a special provision was inserted into the printed form by twpewriting. That provision is as follows: "Lessee is to begin operation in forty days and pursue same diligently till completed or pay to lessor the sum of five hundred dollars." Decision turns on the question whether this inserted provision controls the printed provision left in the lease, as following the inserted one, that the lessee should have the right at any time to surrender the lease. This surrender provision is as follows: "It is further agreed, that the lessee shall have the right at any time to surrender this lease, whereupon this lease shall be null and void and the payments which have been made shall be the full stipulated damages for the non-fulfillment of the foregoing deed." It is perhaps well to state that fifty-eight dollars was paid in cash as a consideration of the lease, and after the first three months fifty-eight dollars was to be paid, each quarter in advance, by the lessee to the lessor, as delay or commutation money.

The facts are conceded. The lessee did not begin operation in forty days, but on the thirty-ninth day tendered in regular form a surrender of the lease, with one dollar as a consideration therefor, and a release of the premises from the binding effect of the deed. In other words, the lessee fully surrendered, if it could do so under a proper construction of the terms of the contract. The plaintiff, however, insists that the inserted typewritten provision controlled and abrogated the surrender provision, and that he is entitled to the five hundred dollars, for which he as lessor has sued the

lessee by this action. He has sought to rely on some parol evidence explaining his purpose in inserting the typewritten provision; but the same is certainly incompetent and immaterial. The two provisions are not inconsistent. They make no repugnance or ambiguity. Not what' the parties intended aside from the terms of the lease, but what they have expressed as intention by the language of the lease must control its interpretation.

Though the parties stipulated that the lessor was to be paid five hundred dollars in the event operation was not begun in forty days, yet they quite as clearly stipulated that the lessee might surrender the lease *at any time.* They stipulated that the lessee might surrender the lease before the five hundred dollars became payable, and thus cut off the obligation for that sum. That they could do this must be conceded. That they did so, if the provision for surrender is to be given any effect, is clear. But the plaintiff says that the typewritten provision inserted in the printed form is to control the printed provision for surrender. We can not sustain this contention. The two provisions can consistently stand together. The parties put both of them into the contract, presumably for purpose. If the lessor did not want his right to the five hundred dollars to be cut off by a surrender, we must assume that he would not have allowed the stipulation for surrender to remain in the lease. The presence of that stipulation evidences the intention of the lessor that his right under the other provisions might be so cut off.

The insertion of the typewritten provision into the printed form abrogated none of the printed provisions which were reconcilable with the former. There is nothing in the typewritten provision for the payment of the five hundred dollars which makes the surrender provision less applicable to that typewritten provision than to other parts of the contract. The two provisions are reconcilable and may stand together. Both may be given effect. As we have said, the one is not repugnant to the other. True, there is a well established rule that where, as in the use of printed forms, a contract is partly printed and partly written, the writing 'will prevail if there is conflict between the printing and the writing. And the

same is true where the contract is partly printed and partly typewritten. The written or typewritten part will, however, prevail in so far only as the intention of the parties to modify the printed portion by that which has been inserted can fairly be inferred. The provisions will be construed together if possible. Page on Contracts, sec. 1119; 9 Cyc. 584. The one will not be given control over the other if they can possibly be reconciled, it being presumed that the contract contains no provisions or clauses not intended by the parties. 17 Amer. & Eng. Enc. of Law, 21. An illustration of the application of this principle is found in *Hardie-Tynes Foundry & Machine Co.* v. *Glen Allen Oil Mill*, 84 Miss. 259, 36 South. 262. In the lease before us there is not a word in the typewritten portion from which it may fairly be inferred that the surrender provision was not to apply to the typewritten stipulation. The provision for surrender not having been affected by the inserted typewritten provision, we must presume that the parties intended the former to stand with the latter. With the provision for surrender so standing, the lessee had the right to cut off the payment of the five hundred dollars, as it did.

There is plainly no error in the judgment. It will be affirmed.

*Affirmed.*