386 P.2d 370

**COMMERCIAL CREDIT EQUIPMENT CORP., a corporation, Plaintiff-Respondent,**

**v.**

**Elsie M. KNOWLTON, Defendant-Appellant,**

**v.**

**E. J. SOELBERG, dba Soelberg Equipment Co., Third-Party Defendant-Respondent.**

**No. 9242.**

Supreme Court of Idaho.

Oct. 25, 1963.

Rehearing Denied Nov. 18, 1963.

316

Wm. P. Hemminger, Rigby, and Horace J. Knowlton, Salt Lake City, Utah, for appellant.

Jay F. Bates, Rigby, and Francis N. Mithoug, St. Anthony, for respondent.

T. Harold Lee, Rigby, for third-party respondent.

TAYLOR, Justice.

Under date of December 1, 1959, third-party defendant (respondent) E. J. Soelberg, dba Soelberg Equipment Co., sold to defendant (appellant) certain farm machinery and equipment upon a conditional sales contract which provided for the payment by the buyer to the seller of a deferred balance of $5,391 in two equal annual installments accruing December 1, 1960, and December 1, 1961. December 9, 1959, the contract was assigned by the seller to the plaintiff (respondent) Commercial Credit Equipment Corp.

The payment due December 1, 1960, was not made. The contract provides that in case of default on the part of the buyer the full amount unpaid shall become immediately due and payable. August 18, 1961, plaintiff commenced this action for possession of the property; for the balance due on the contract; and for attorney's fees and costs. By proceedings in claim and delivery the plaintiff obtained possession of the property and defendant buyer upon posting statutory bond obtained redelivery.

By answer the buyer admitted the execution of the purchase agreement; denied the claimed balance was due thereon; and by counterclaim sought damages for the wrongful detention of the property by the plaintiff. By leave of court, the buyer also filed a third-party complaint against the seller, alleging defects in the equipment and prayed a judgment for damages occasioned thereby.

Upon trial, after the buyer had rested her defense, the court directed a verdict against her in favor of plaintiff and entered judgment thereon for the recovery of possession of the property and for the balance due upon the contract with interest, costs and attorney's fees, the latter in the amount of $1800. The trial proceeded on the issues raised between the buyer and the seller. At the conclusion thereof judgment was entered on the verdict in favor of the seller, third-party defendant. From these judgments the defendant buyer brought this appeal.

The assignments of error are as follows:

"1. That the case having been brought in Claim and Delivery, the court erred in failing to condition the money judgment 'in case delivery cannot be had,' as provided by the statute.

"2. That the court erred in directing a verdict in favor of the plaintiff and against the defendant and in limiting the issues submitted to the jury in the defendant's case against the third party defendant.

"3. That it was error to issue an execution on the money judgment without a showing that the possession of the property could not be had."

In support of the first and third assignments, the buyer contends that the action having been brought in claim and delivery, the plaintiff was limited to a judgment for the possession of the property, and could not recover a money judgment, because the property could be, and was, actually delivered to the plaintiff. Appellant cites I.C. § 10–1104 and Largilliere Company, Bankers v. Kunz, 41 Idaho 767, 244 P. 404. The form of judgment provided for by the statute cited is applicable only in cases where the sole issue or right asserted is the right of possession. In the Largilliere case there was no contractual obligation asserted by either party. The Largilliere company based its claim to possession of the sheep involved in that case upon its right as mortgagee. The defendant claimed as purchaser at a foreclosure sale made by a third party, a junior mortgagee. In that case possession fully satisfied all rights of the plaintiff as against the defendant.

In this case possession would not satisfy the contractual rights of the plaintiff, nor discharge the contractual obligation of the defendant, buyer. The holder of a conditional sale contract on default of the buyer may maintain an action in claim and delivery to recover possession of the property; and in the same action may recover judgment upon the contract according to its terms and is not limited to a judgment for possession or value in case delivery cannot be had, merely because he avails himself of the procedure provided by statute to obtain possession of the property. Taylor v. Graver Tank & Mfg. Co. (Okl.) 344 P.

2d 1045; Kahl v. Winfrey, 81 Ariz. 199, 303 P.2d 526; Julian Engineering Co. v. R. J. and C. W. Fletcher, Inc., 194 Tenn. 542, 253 S.W.2d 743; Universal C. I. T. Credit Corp. v. Rhodes, 237 Miss. 455, 115 So.2d 160; 78 C.J.S. Sales § 646; 47 Am. Jur., Sales, § 954. Cf. Birkeland v. Clearwater Concentrating Co., 64 Idaho 122, 127 P.2d 1047.

■ In this case, after the entry of judgment for the plaintiff, the defendant buyer voluntarily surrendered possession of the property. Thereafter the property was sold by the sheriff, after notice, and in the manner provided by law, and the proceeds were applied upon the judgment debt. The contract expressly provides that "any deficiency shall be paid by the buyer, including any reasonable attorney's fees and court costs incurred in the recovery of such deficiency."

■ The buyer's claim for damages for wrongful detention of the property by the plaintiff was based upon a delay in redelivery after the posting of the redelivery bond. This claim was without merit, since it was ultimately and correctly determined by the court that plaintiff was entitled to possession at all times from the commencement of the action.

■ In her brief defendant, buyer, also contends that her signature to the purchase agreement was obtained by fraud on the part of the seller. Evidence of fraud was not admissible because fraud was not alleged. I.R.C.P. Rule 8(c); Smith v. Johnson, 47 Idaho 468, 276 P. 320. Nor was fraud established by the evidence. The testimony relied upon was that of the buyer herself, to the effect that when the purchase agreement was presented to her for signature she mentioned to the seller that the price was more than she had anticipated and that Mr. Soelberg, the seller, explained that additional equipment had been added to the original order. After being satisfied as to the fact she signed the contract. Such testimony was wholly insufficient to establish fraud.

■ The allegations of breach of warranty were set forth by the buyer in her complaint against the seller, third-party defendant, and were not set forth as a defense in the action brought by the plaintiff, assignee of the contract. However, in this case no such defense could have been interposed as against the plaintiff. There were no warranties contained in the agreement, and the buyer by the terms of the contract agreed that no breach of implied warranty would be asserted against the assignee. The provision is as follows:

"It is understood and agreed that this contract and seller's interest herein will be offered to Commercial Credit Equip-

ment Corp. for discount. All payments by the buyer are to be made to the office of Commercial Credit Equipment Corp.

"Buyer agrees and represents that buyer will not assert any claim or defense which buyer might have against seller in any action by or against Commercial Credit Equipment Corp. to obtain or retain possession of the property or for any unpaid balance hereunder, or otherwise."

Our statute provides that a party may waive such defense:

"Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement * * *." I.C. § 64–601.

Such a contractual provision was upheld by the Ninth Circuit Court in United States ex rel. and for Benefit of Administrator etc. v. Troy-Parisian, Inc., 9 Cir., 115 F.2d 224, a case arising under Idaho law.

As to the implied warranty of fitness asserted against the seller, the contract recites that the buyer purchases the property "in its present condition".

■■ The testimony concerning breach of warranty is voluminous. It consists of testimony of witnesses for the buyer that the various items of the equipment were defective and did not operate properly; and testimony by witnesses for the seller that the equipment was not defective and the faulty operation complained of by the buyer was due to want of care, and abuse of the equipment by persons employed, or permitted, to operate it, by the buyer. Moreover, the contract itself expressly eliminates such warranty, as follows:

"This agreement constitutes the entire contract between the parties, and shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, successors and assigns. No warranties, express or implied, and no representations, promises or statements have been made by seller unless endorsed hereon in writing. * * *"

Nevertheless, the court in its instructions submitted to the jury the issue as to whether the sale was made "subject to the implied-warranty law, or whether they did actually come to an agreement that there should be no implied warranty", as well as the issue as to whether such a warranty had been breached. The jury found those issues in favor of the seller, third-party defendant. Its verdict thereon being supported by substantial, though conflicting, evidence, is conclusive. I.C. § 13–219; Anderson v. Smith Frozen Foods of Idaho, Inc., 83 Idaho 494, 365 P.2d 965.

The buyer, appellant, complains of the judgment in favor of the plaintiff for an attorney's fee of $1800. Although the contract provides for a reasonable attorney's fee, there is no testimony in the record that plaintiff obligated itself to pay its attorney such a fee, nor any testimony supporting the amount allowed as a reasonable fee. In plaintiff's brief it is asserted that the buyer, defendant, through her attorney, at a pretrial conference, agreed that if recovery by plaintiff was granted, the fee prayed for should be awarded against defendant. There is no record of such a conference nor any pretrial order in the transcript.

The judgment in favor of the seller, third-party defendant, is affirmed, with costs to that party.

The judgment in favor of the plaintiff is affirmed in all respects except as to the item of $1800 awarded against the defendant buyer as an attorney's fee. As to that item the judgment is vacated and the cause is remanded to the district court with directions to determine what, if any, attorney's fee shall be awarded to the plaintiff, and the amount thereof, and to take further testimony thereon, if need be.

Respondent, plaintiff, is awarded costs against appellant buyer.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.