415 P.2d 48

**BIG BUTTE RANCH, INC., a Corporation, Plaintiff-Appellant,**

v.

**Hank GRASMICK, dba Grasmick Produce Co., Defendant-Respondent.**

**No. 9722.**

Supreme Court of Idaho.

June 7, 1966.

**8**

Kerr & Williams, Blackfoot, Derr & Derr, Boise, and Ronald C. Barker, Salt Lake City, Utah, for appellant.

Roberts & Poole, Boise, for respondent.

SPEAR, Justice.

Big Butte Ranch, Inc., contracted with Hank Grasmick, dba Grasmick Produce Co., for a sale of some potatoes and the agreement reached was put in the form of a written contract signed by the parties. Each in turn now claim a breach of that contract by the other. Big Butte Ranch instituted the action and sought to recover the sum of $2,178.30 for potatoes shipped for which payment had not been made. Respondent admitted he had received 822 sacks of potatoes for which he had not paid, but counterclaimed alleging appellant had breached its contract obligation in failing to ship an additional 4,181 100-lb. sacks of potatoes before May 3, 1964 and that such breach resulted in damages to respondent in the sum of $16,095.85 Since respondent admitted he owed the sums claimed by appellant for the last shipment of 822 sacks of potatoes, the only issue in the trial arose from respondent's counterclaim.

The chief point of contention is the contract itself, Plaintiff's Exhibit 1. It is vague and ambiguous and open to two interpretations. It is dated January 25, 1964 and contains two provisions that particularly cause difficulty. The first provides that:

"The Seller has, this day, sold and contracted with the Purchaser, for approximately 9000 100-lb. sacks of Idaho U.S. No. 1 potatoes at a price and consideration of $2.65 * * *."

The second states:

"Weight loss from storage will be stood by Purchaser, until all of said U.S. No. 1 potatoes in Seller's possession shall have been shipped; * * *."

Appellant contends that under the provisions of the contract the parties negotiated for the purchase of a particular lot of potatoes. It is claimed that since the lot was inspected by both parties the statement of "approximately 9000 100-lb. sacks" was only an estimate of the quantity of U.S. No. 1 potatoes in that lot. Under this construction the contract would not have been breached even if the total shipment fell considerably short of the original total estimate which later proved incorrect because of excessive spoilage. (Green v. K. S. Webster & Sons, 77 Idaho 281, 291 P.2d 864, 58 A.L.R.2d 371). Appellant would have met its obligation under the contract when it shipped to defendant all the potatoes meeting the grade specified which were in its possession in that particular lot at the date the contract was closed.

Respondent rejects this construction and contends he had agreed to purchase the specific quantity of potatoes, namely, 9000 100-lb. sacks. The word "approximately" which was inserted in the contract covered loss incident to handling and shipping, and such usage was not unusual. He contends the provisions which referred to the seller's shipping all the potatoes which were in his possession is, in proper context, a term of delivery and would not support the contention an agreement had been reached for the seller to sell and the purchaser to buy all potatoes which the seller might have which met the quality specified. Under this interpretation, when the seller notified respondent it could not deliver the additional 4,181 sacks, there occurred a material breach for which respondent was entitled to recover.

The clear intention of the parties is not evident from the written contract alone. Quite properly, it was permitted and required in the trial court that all circumstances surrounding the negotiations be examined, and the final determination was left to the jury. By its verdict the jury agreed with the construction contended for by respondent and awarded damages to him in the amount of $2,543.50 with interest and costs. From the judgment entered thereon this appeal was taken.

The basis for the verdict was not specifically spelled out. However, in finding for respondent, the jury must necessarily

have concluded either (1) that respondent had proven by a preponderance of the evidence that the parties had in fact agreed to contract for the specific quantity of 9000 100-lb. sacks of potatoes, or (2) that the parties had contracted for a specific lot and appellant had failed and refused to deliver all the U.S. No. 1 potatoes in its possession in that lot at the time the contract was made.

We shall consider appellant's assignments of error in the same order presented in its brief.

The first specification of error is that the court refused appellant's requested instruction No. 1. This instruction amounted to a request for a directed verdict, and clearly was not warranted in the light of the ambiguity of the written contract itself and the evidence submitted in support of respondent's counterclaim. The trial court properly found the contract was ambiguous and susceptible to two quite different interpretations. Extrinsic evidence therefore was properly considered and the case correctly submitted to a jury with proper instructions for determination. National Produce Distributors v. Miles & Myer, Inc., 75 Idaho 460, 274 P.2d 831, and cases cited therein; Griffin v. Clark, 55 Idaho 364, 42 P.2d 297 and cases cited therein; Keane v. Pittsburg Lead Mining Co., 17 Idaho 179, 105 P. 60.

Appellant assigns as his second assignment of error the giving of instruction No. 9.[1] In support of this assignment appellant argues that since the evidence established both parties contributed to the drafting of the contract, it was error for the court to give instruction No. 9, because it was incomplete and left the jury with the impression that only one person, Mr. Ranquist, vice-president of appellant and an attorney, drafted the contract. Appellant further claims the jury was misled into assuming that it had to construe the contract most strictly against appellant and Ranquist regardless of the burden of proof of respondent in sustaining his counterclaim. This assignment has no merit. The trial court by its instruction No. 4[2] made it plain that respondent carried the burden of proving the allegations of his counterclaim by a preponderance of the evidence and correctly defined that phrase. Moreover, instruction No. 9 was carefully phrased and used the term "against the party who selected the language." The evidence left no doubt that appellant, Big Butte Ranch, through its attorney Ranquist, selected the language in its material parts. Ranquist, acting for aplant, actually drafted the contract at his office in Salt Lake City and forwarded it to respondent for approval. It is true some changes were made by respondent, but none in any of the portions material here. The rule is clear, that a contract should be construed most strongly against the party preparing it or employing the words concerning which doubt arises. Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976; Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844; Ries v. Pacific Fruit & Produce Co., 50 Idaho 140, 294 P. 336.

By its third assignment of error appellant asserts the verdict is contrary to law and the clear weight of the evidence. Such contention is not tenable. On all material points the evidence is completely conflicting, and there has been left no singular

1. "Doubtful language in a contract should be interpreted most strongly against the party who has selected that language. In case of doubt or ambiguity, a contract will be construed most strongly against the party who drew or prepared it."

2. "Defendant has the burden of proving the allegations of his counterclaim by a preponderance of the evidence.
"By a preponderance of the evidence is meant such evidence as, when weighed with that opposed to it, has more convincing force and from which it results that the greater probability of truth lies therein. In the event that the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue preponderates, that is, has the greater convincing force, then your finding upon that issue must be against the party who had the burden of proving it."

circumstance which inexorably points to one conclusion or another. This court has consistently held that whenever there is substantial, though conflicting, evidence to support a verdict, the same shall not be set aside. I.C. § 13–219; Commercial Credit Equipment Corp. v. Knowlton, 86 Idaho 314, 386 P.2d 370; Curzon v. Wells Cargo, Inc., 86 Idaho 38, 382 P.2d 906; Eckman v. Jones, 85 Idaho 10, 375 P.2d 180; Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414; Anderson v. Smith Frozen Foods of Idaho, Inc., 83 Idaho 494, 365 P.2d 965; C. R. Crowley, Inc. v. Soelberg, 81 Idaho 480, 346 P.2d 1063; Mootry v. Hawley, 1 Idaho 543. Furthermore the determination of the credibility of the witnesses and the weight to be given their testimony is for the jury. I.C. § 9–201; Curzon v. Wells Cargo, Inc., supra; Harper v. Johannesen, 84 Idaho 278, 371 P.2d 842; Seamons v. Spackman, 81 Idaho 361, 341 P.2d 442; Tonkin-Clark Realty Co. v. Hedges, 24 Idaho 304, 133 P. 669.

 As a part of his third assignment of error appellant claims that under the circumstances of this case, the verdict of the jury is contrary to the law, in that it is contrary to the legal presumption that parties by their agreement did not intend to violate any law; and since appellant had no license to buy and sell the other growers' potatoes it would have been a violation of law had it attempted to so act. For this assignment appellant cites no authority, there is no argument thereon contained in its brief, and no oral argument was presented thereon to the court. Fish v. Fleishman, 87 Idaho 126, 391 P.2d 344; Batchelder v. City of Coeur D'Alene, 85 Idaho 90, 375 P. 2d 1001; Weaver v. Sibbett, 87 Idaho 387, 393 P.2d 601; Gem Valley Ranches, Inc. v. Small, 90 Idaho 354, 411 P.2d 943; Jackson v. Blue Flame Gas Co., 90 Idaho 393, 412 P.2d 418; Appellate Rules of the Supreme Court of the State of Idaho, Rule 41. There is therefore no merit to appellant's third assignment of error.

 For its last assignment of error, appellant contends the verdict for the jury is excessive and is contrary to the evidence because insufficient evidence was produced by respondent on the issue of damages. Appellant argues any amount awarded must necessarily have been based upon speculation, guess or conjecture. The record however does not support that contention. Granted that damages could not here be determined with mathematical exactness, yet the authorities make clear that such precision is not required. Damages need be proved only with a reasonable certainty and the courts have concluded this simply means that the existence of damages must be taken out of the realm of speculation. Certainly a party who has breached his contract will not ordinarily be permitted to escape liability because of the difficulty or uncertainty of proving the damages which have resulted. A wholly disinterested witness (W. B. Long), whose status as an expert in the potato business and whose acquaintance with market reports were uncontroverted, testified as to the market price of the potatoes during the period in which they should have been delivered to respondent. This witness testified, without contradiction, that from the middle of April to the first of May, 1964 the market price of Idaho U.S. No. 1 potatoes ranged from $4.75 to $5.00 per hundredweight. This constitutes competent and substantial evidence upon which the jury could have relied in arriving at the amount of damages awarded to respondent. It will not be set aside on appeal. See Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684, 47 S.Ct. 400 (1927); Unruh v. Smith, 123 Cal.App.2d 431, 267 P.2d 52 (1954); Higgins v. Belson, 66 Idaho 736, 168 P.2d 813.

We find no reversible error.

Judgment for respondent is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.