486 P.2d 268

**CITY OF WEIPPE, formerly the Village of Weippe, a Municipal Corporation, for the use and benefit of Les Schwab Tire Centers of Idaho, Inc., an Idaho Corporation, Plaintiff-Appellant,**

v.

**J. R. YARNO, d/b/a Yarno and Associates, and United States Fidelity and Guaranty Company, a Maryland Corporation, and J. R. Yarno, Individually, Defendants-Respondents.**

**No. 10828.**

Supreme Court of Idaho.

June 25, 1971.

Robert S. Williams, Moscow, for plaintiff-appellant.

Michael E. McNichols, Orofino, for defendants-respondents.

DONALDSON, Justice.

This appeal was taken by the plaintiff-appellant, City of Weippe for the use and benefit of Les Schwab Tire Centers of Idaho, Inc., from a summary judgment granted by the district court in favor of the defendant-respondent, United States Fidelity and Guaranty Company, a bonding

company retained by the principal contractor, and Yarno and Associates, dismissing a contract claim in the amount of $1,494.57. The principal issue presented by this controversy is whether the parties[1] to a contract can agree between themselves to lengthen the normal statutory period within which suit may be instituted.

Suit was commenced on February 11, 1970, on behalf of Les Schwab Tire Centers, Inc., against: (a) Yarno[2] and (b) United States Fidelity and Guaranty Company, for the sum of $1,494.57. A provision of the contract between the parties viz., Yarno and Associates and United States Fidelity and Guaranty Company recited:

"C. No suit or action shall be commenced hereunder by any claimant * *. 2. After the expiration of one (1) year following *the date on which Principal [Yarno] ceased work on said contract,* it being understood, however, that if any limitation embodied in this Bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitations permitted by such law." (emphasis added)

The last day upon which labor was performed or material supplied by the plaintiff was October 31, 1968. Yarno (principal contractor) terminated work on July 1, 1969. As heretofore stated, suit was filed in district court on February 11, 1970, on behalf of Les Schwab Tire Centers, Inc. The district court dismissed the action since in its opinion the applicable statute had run with respect to the claim.[3] Les Schwab Tire Centers, Inc., has appealed to the Supreme Court from the adverse summary judgment and urges in essence that the lower court erred by concluding that the statute and not the agreement between the parties, viz., Yarno and United States Fidelity and Guaranty Company, controlled with respect to the time period within which suit could be instituted by a claimant.

We agree with the appellant's contention and reverse the summary judgment of the district court. It is our opinion that the contractual provision is to be given effect rather than the statute. It is established law in Idaho that statutes of limitation may not be contractually shortened by the parties.[4] It does not follow however, either logically or in law, that statutes of limitation may not be contractually lengthened by the parties. "The theory of statutes of limitation is that they do not affect the right, but simply destroy the remedy for the assertion of the right in court * * *." Wood on Limitations, 4th ed. § 4, p. 10. The purpose of statutes of limitation "is to compel settlement of claims within a reasonable period after their origin, while the evidence upon which

1. The party on whose behalf suit was instituted, viz., Les Schwab Tire Centers, Inc., was not a party to the contract herein involved. The parties were: Yarno and Associates and United States Fidelity and Guaranty Company. Les Schwab was a subcontractor of Yarno's but nonetheless the contract between Yarno and United States Fidelity and Guaranty Company was made for his benefit.

2. The record indicates that the district court entered a default judgment against Yarno in the sum of the plaintiff's claim ($1,494.57).

3. I.C. § 54–1927 reads in part: "Every suit instituted on the aforesaid payment bond shall be brought in appropriate court in any county in which the contract was to be performed and not elsewhere; provided, however, that no such suit shall be commenced after the expiration of one (1) year from the date on which the claimant *performed the last of the labor or furnished or supplied the last of the material for which such suit is brought,* except, that if the claimant is a subcontractor of the contractor, no such suit shall be commenced after the expiration of one (1) year from the date on which final payment under the subcontract became due." (emphasis added).

4. Douville v. Pacific Coast Cas. Co., 25 Idaho 396, 138 P. 506 (1914); Gaffney v. Royal Neighbors of America, 31 Idaho 549, 174 P. 1014 (1918); Harding v. Mutual Benefit Health and Accident Ass'n., 55 Idaho 131, 39 P.2d 306 (1934).

their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses * * *." Wood on Limitations, 4th ed. § 5, pp. 10, 11. Furthermore, the policy of the law advanced by not allowing parties to contractually shorten periods of limitation in contravention of a statute is to protect people from contracting away their rights or the rights of third parties. To uphold such contractual provisions might even be unconscionable. But where the parties agree to lengthen the statutory period within which suit can be instituted, the law will not interfere and shorten the period.

Contracts stipulating a limited time within which action may be brought have been upheld even though the period fixed is at variance with the statutory limitations, provided that the period fixed by contract is not so unreasonable as to show imposition or undue advantage in some way. The reasonableness of the stipulation depends not alone on the words of the contract, but also on the facts of the particular case. In accordance with the foregoing general principles the courts have held that parties may by agreement lengthen the periods of limitation. Sheard v. United States Fidelity and Guaranty Co., 58 Wash. 29, 107 P. 1024 (1910); Ilse v. Aetna Indemnity Co., 69 Wash. 484, 125 P. 780 (1912).

In the case at bar the controversy between the parties involves a time period of but a few months, viz., whether the one year limitation should begin to run from October 21, 1968,[5] or from July 21, 1969.[6] Surely a claim cannot become stale and defendant-respondent (United States Fidelity and Guaranty Co.) will not be prejudiced by being subjected to suit a mere eight months later. Furthermore, United States Fidelity and Guaranty Company drafted this provision and thus the clause will be construed most strongly against the drafter. Ries v. Pacific Fruit and Produce Co., 50 Idaho 140, 294 P. 336 (1930); Big Butte Ranch, Inc. v. Grasmick, 91 Idaho 6, 415 P.2d 48 (1966).

■ Pursuant to I.C. § 54-1929[7] both appellant and respondent herein have made motions for attorney's fees on appeal. In an action on a contractor's bond attorney's fees are merely an incident of the judgment and not a separate cause of action. Cf. Smith v. Faris-Kesl. Const. Co., Ltd., 27 Idaho 407, 150 P. 25 (1915). Therefore, in the event the appellant herein prevails at trial on the merits, the district court is instructed to include within it an award of attorney's fees in the sum of $850.00 as and for attorney's fees in this appeal.

Judgment reversed. Costs to appellant.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.

5. The date of October 31, 1968, is determined by the statutory provision. i. e., "the date upon which claimant performed the last of his labor or furnished or supplied the last of the material for which suit is brought." See F.N. 2.

6. This date is determined by the contractual provision, i. e., "date upon which the Principal ceased work." See the full provision "C" set out in the text of this opinion.

7. "54-1929. Attorney's fees allowed.— In any action brought upon either of the bonds provided herein, or against the public body failing to obtain the delivery of the payment bond, the prevailing party, upon each separate cause of action, shall recover a reasonable attorney's fee to be taxed as costs."