404 P.2d 568

**Allen LOOMIS, Guardian ad litem for Larry Loomis, Plaintiff-Respondent,**

v.

**Jack HANNAH, Defendant-Appellant.**

**No. 9523.**

Supreme Court of Idaho.

Aug. 3, 1965.

Brown, Peacock & Keane, Kellogg, for appellant.

Melvin J. Alsager, Moscow, for respondent.

SMITH, Justice.

Larry Loomis at the time of the litigation in the court below was a minor of the age of 18 years. He is referred to herein as respondent, represented by his father as guardian ad litem.

Appellant appeals from a judgment entered upon a jury verdict in favor of respondent for damages attributable to personal injuries which respondent received when, as a pedestrian, he was struck by appellant's automobile. He also appeals from orders denying his motion for judgment notwithstanding the verdict, and motion to set aside the verdict and judgment.

The site of the accident was shortly beyond a slight crest of a hill and curve in State Highway No. 8, six miles east of Moscow, Idaho, where respondent was walking on the right side of the highway in the direction of eastbound traffic.

Upon finishing his work at a grocery store, about 11:15 p. m., the evening of January 13, 1963, respondent started for his home situate in the Joel Township, where he lived with his father. He had driven two miles from Moscow when his automobile ran out of gasoline. He then walked in the direction of Joel Township on the right-hand side of the highway. As he rounded the curve on State Highway 8, he approached an establishment known as the Highway Tavern, located on the south side of the highway. The Tavern sits back from the road some 25 to 30 feet, with a parking lot off the highway provided for its customers. Several cars were parked in the lot at the time of the accident.

Appellant testified that he was driving his automobile at a speed between 30 to 35 miles an hour around a gentle curve in the highway, approaching the Highway Tavern; that as he rounded the curve he first saw respondent 60 feet ahead of him, walking on the right-hand side of the traveled roadway. Appellant did not sound his horn, but attempted to swerve the automobile to the left. As the vehicle veered to the left its right fender struck respondent causing him to be thrown approximately 30 feet by the impact.

Respondent in his complaint alleges negligence on the part of appellant in failing to keep his car under control and in failing to keep a look-out so as to avoid injury to respondent; also that appellant was negligent in failing to sound his horn, or give other warning when he saw, or in the exercise of reasonable care should have seen, respondent. Respondent also alleges wilful and wanton acts committed by appellant in operating his vehicle at a speed greater than was reasonable and proper under the circumstances, violative of I.C. § 49–701; and in failing to exercise prop-

er precaution violative of I.C. § 49–735, as regards respondent who, as he alleges, was a pedestrian "lawfully and properly walking in an easterly direction across a public parking area."

Appellant in his answer denied the material allegations of respondent's complaint and affirmatively alleged contributory negligence on the part of respondent in walking on the right-hand side of the highway at the time and place of the accident, violative of I.C. § 49–737.

Trial resulted in a verdict and judgment in respondent's favor of $10,474.05, followed by this appeal.

Appellant assigns error committed by the trial court in denying appellant's motions for a nonsuit made at the conclusion of respondent's case, and for a directed verdict made at the conclusion of all the evidence; also in denying appellant's motion for judgment notwithstanding the verdict.

■ The party who moves for nonsuit, for directed verdict, or for judgment notwithstanding the verdict admits the truth of his adversary's evidence and every inference of fact which may be drawn therefrom. Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963); Conklin v. Patterson, 85 Idaho 331, 379 P.2d 428 (1963); Shaffer v. Adams, 85 Idaho 258, 378 P.2d 816 (1963); Smith v. Big Lost River Irrigation District, 83 Idaho 374, 364 P.2d 146 (1961); White v. Doney, 82 Idaho 217, 351 P.2d 380 (1960). In view of such rule we shall consider the evidence in the light most favorable to respondent.

Appellant argues that the case should never have gone to the jury because respondent was in violation of I.C. § 49–737, which reads:

"Pedestrians on roadways.—(a) Where sidewalks are provided it shall be unlawful for any pedestrian to walk upon and along adjacent roadway.

"(b) Where sidewalks are not provided, any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction."

In order to construe such section of the statute, certain statutory definitions as set forth in I.C. § 49–514 must be considered. That section of the statute reads:

"Highways, roads and sidewalks defined.—(a) 'Street or highway.'—The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

\*      \*      \*      \*      \*      \*

"(c) 'Roadway.'—That portion of a highway improved, designed, or ordi-

narily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term 'roadway' as used herein shall refer to any such roadway separately but not to all such roadways collectively.

" * * *."

■ An examination of the record discloses that the jury in considering the conflicting testimony of the various witnesses may have found that respondent was not in violation of I.C. § 49–737, the "pedestrian statute." Three witnesses to the accident testified that respondent was not on the roadway, as defined in I.C. § 49–514(c). Respondent may have been in violation of the pedestrian statute before he reached the parking lot of the Tavern; but if he was not on the roadway when the accident occurred he would not be guilty of contributory negligence as a matter of law.

Mr. Morris, a witness for respondent, was sitting behind the wheel of a vehicle parked in the parking lot of the Tavern; the car's headlights were on, facing respondent as he walked along the highway. The accident occurred within 30 or 35 feet of the Morris vehicle. Morris testified that respondent was illuminated by either his car's headlights or the lights of the Hannah vehicle. He testified that respondent was in the parking area at the time of the accident; also that at such time appellant's car, which "was going quite fast," was 3 to 5 feet on the shoulder of the roadway, causing respondent to be silhouetted in the headlights of the vehicle; respondent at the time being 3 or 4 feet off the roadway. Morris later testified that he noticed some skid marks on the shoulder of the highway, made by the Hannah vehicle; also that the roadway of the highway at that time was dry.

Mr. Halliday, a witness for respondent, testified that he was seated on the right-hand side of the back seat of the Morris car when the accident occurred. On direct examination he testified that appellant's vehicle "appeared to be going over to the right quite a bit" and then it "veered back on the road to the left." On cross-examination he stated the respondent, a pedestrian, was not on the roadway when hit, but was walking like he intended to go into the Tavern, and that "he was in line with us * * *. He was off the highway into the parking lot."

Mr. Eberall, a witness for respondent, testified that he ws seated in the back seat of the Morris vehicle, that when he first saw appellant's automobile "it started into a broadside somewhere off the road or on the shoulder of the road or in the parking area," skidding "sideways of the road."

Respondent testified on direct examination that he saw the Morris vehicle, with its lights turned on, parked parallel with and

**364**

apparently a car's width from the highway. He saw people getting into the car so he "started walking into the parking lot so that they [the Morris car] could pull out on to the highway without my blocking their entrance. * * * So I took several steps toward the inner portion of the parking lot * * * toward the tavern;" that he probably was 6 feet from the traveled portion of the highway when hit from the back by appellant's vehicle.

Appellant's testimony created a sharp conflict in the evidence. Appellant testified in effect that he came over the crest of a hill on the roadway and was proceeding down the slope and around a "corner" or curve; he then observed respondent, a pedestrian, some 60 feet ahead, walking on appellant's right-hand side of the roadway; that when he attempted to swerve his car to the left it slid sideways and hit respondent, and that the vehicle never left the traveled portion of the highway. He also stated that there was snow and ice on the highway at the scene of the accident. The witnesses produced by appellant corroborated his testimony.

The trial court correctly ruled in denying appellant's motion for nonsuit at the close of respondent's evidence, inasmuch as respondent's evidence shows that at the time and place of the accident he was not violating I.C. § 49–737 by walking on appellant's right-hand side of the highway. Converse-ly at that time and place respondent's evidence shows that he was completely off the roadway or traveled portion of the highway and on the parking area of the Tavern, directly in front of the Morris vehicle, parked in the parking area.

The trial court also correctly ruled in denying appellant's motion for a directed verdict, simply because it was within the province of the jury to resolve the conflict between respondent's evidence and appellant's evidence, and which conflict existed at the close of all the adduced evidence.

The trial court also properly denied appellant's motion for judgment notwithstanding the verdict inasmuch as the identical procedure applies to such a motion, as to a motion for directed verdict. See Ralph v. Union Pacific Railroad Company, 82 Idaho 240, 351 P.2d 464 (1960), wherein it is stated:

"A motion for judgment notwithstanding the verdict is a delayed motion for a directed verdict; such motion affords the trial court opportunity to correct its previous refusal to grant a motion for a directed verdict, if erroneous. I.C. § 10–224; Peterson v. Bannock County, 61 Idaho 419, 102 P. 2d 647." 82 Idaho at 244, 351 P.2d at 465.

There is no merit in appellant's aforesaid assignments of error.

Lastly, appellant assigns as error giving to the jury Instructions Nos. 14,[1] 17[2] and 24[3]. However in its opening Instruction No. 1, the court admonished the jury to "consider all instructions together as a whole and not put emphasis on some and disregard others."

Instruction No. 14 is a general expression of the "basic rule" contained in I.C. § 49–701 which admonishes that the speed of a vehicle on the highway shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. Additionally the court gave Instruction No. 16,[4] relating to nighttime driving. See Pittman v. Sather, 68 Idaho 29, 188 P.2d 600 (1947); O'Connor v. Black, 80 Idaho 96, 326 P.2d 376 (1958). The giving of Instructions Nos. 1 and 16 negatives any error in the giving of Instruction No. 14 in its general application.

Again, Instruction No. 17 gave expression to the "basic rule" set forth in I.C. § 49–701. Moreover the instruction is grounded upon I.C. § 49–735 which provides in part:

"* * * every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary * * *."

I.C. § 49–511 defines a pedestrian in relation to traffic on highways, as "any person afoot." I.C. § 49–737 does not alter that definition but requires the pedestrian to use sidewalks when provided and not to walk along and upon the adjacent highway; and when sidewalks are not provided, the pedestrian shall when practicable walk only on the left side of the roadway or its shoulder, facing traffic which may approach from the opposite direction.

In Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112 (1959), it was urged that the trial

1. "INSTRUCTION NO. 14: Generally, it is negligence as a matter of law, or at least strong evidence of negligence, for a motorist to operate his automobile on a highway at such a speed that the automobile cannot be stopped within the distance within which objects can be seen ahead of the automobile."

2. "INSTRUCTION NO. 17: The law of Idaho requires that every driver of a motor vehicle shall exercise due care to avoid colliding with a pedestrian upon any roadway and shall give warning by sounding a horn when necessary."

3. "INSTRUCTION NO. 24: A plaintiff's violation of the law of the road, unless such violation was a proximate contributing cause of his injury, does not bar his recovery for such injury."

4. "INSTRUCTION NO. 16: You are instructed that the driver or operator of a motor vehicle at night is not required to be able absolutely to stop short of an object appearing in the radius of his headlights, regardless of existing conditions. The law only requires that he drive at night at such a speed as to be able ordinarily so to stop."

**366**

court erred in refusing to give an instruction in language almost identical to Instruction No. 17 herein. This Court then pointed out that such requested instruction was a part of the Motor Vehicle Act, now codified as I.C. § 49–735, and that the request was adequately covered by an instruction grounded upon the "basic rule" of I.C. § 49–701.

█ Herein, any criticism of Instruction No. 17 was cured by the giving of Instruction No. 21 [5] which placed before the jury the theory of appellant's case.

█ Appellant asserts that Instruction No. 24 "is not an entire misstatement of the law but is a most incomplete statement * * *. As we have pointed out * * * the violation of our statute is negligence per se." Again, in the light of the admonition to the jury by Instruction No. 1, to consider all of the instructions together as a whole, it must be assumed that the jury duly considered Instruction No. 21 which,

as we have pointed out, stated appellant's theory of the case, including the proposition that violation of the positive rule of law contained in I.C. § 49–737 constitutes negligence per se.

Appellant's assignments of error as regards the jury instructions are without merit.

█ The verdict of the jury and the judgment entered thereon is supported by substantial and competent though conflicting evidence; therefore the judgment will not be disturbed on appeal. Casey v. Nampa and Meridian Irrigation District, 85 Idaho 299, 379 P.2d 409 (1963); Wurm v. Pulice, 82 Idaho 359, 353 P.2d 1071 (1960); Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651 (1950).

The judgment is affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.

5. "INSTRUCTION NO. 21: You are instructed that Section 49–737 of the Idaho Code provides as follows:
    'b. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or the shoulder facing traffic which may approach from the opposite direction.'
    "You are further instructed that violation of this positive rule of law constitutes negligence in and of itself, that is, negligence as a matter of law."